**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and <br> UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> HUAWEI DEVICE USA, INC. and <br> HUAWEI DEVICE CO. LTD., <br><br> Defendants. | § § § § § § § § § § § § § § | Civil Action No. 2:17-cv-707 <br><br><br> PATENT CASE <br><br><br> JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendants, Huawei Device USA, Inc. and Huawei Device Co. Ltd. (together "Huawei"), allege as follows:

**THE PARTIES**

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Huawei Device USA, Inc. ("Huawei USA") is a Texas corporation having a regular and established principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, Texas

1

75024. Huawei USA offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas and in the judicial Eastern District of Texas. Huawei USA may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Huawei Device Co. Ltd. ("Huawei China") is a Chinese having a principal place of business Bantian, Longgang District, Shenzen, 518129 China. Huawei China does business in Texas and in the judicial Eastern District of Texas. Huawei China is in the business of, *inter alia*, manufacturing and selling electronic goods, including smartphones, tablets and laptops sold in this judicial District.

## JURISDICTION AND VENUE

5. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Huawei.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b).

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,622,018)

8. Uniloc incorporates paragraphs 1-7 above by reference.

9. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,622,018 ("the '018 Patent"), entitled PORTABLE DEVICE CONTROL CONSOLE WITH WIRELESS CONNECTION that issued on September 16, 2003. A true and correct copy of the '018 Patent is attached as Exhibit A hereto.

10. Uniloc USA is the exclusive licensee of the '018 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11. Huawei manufactures, uses, sells, offers for sale and/or imports into the United States: (1) Honor 6A, Honor 7X, Honor 8 Pro, Honor V9 Play, Honor 9, Mate 10 Lite, Mate 9, P9 Lite mini, P10, P10 Plus, P10 Lite, Y7, Y7 Prime, Y6, Y5, Nova 2, Nova 2 Plus, Y6II Compact, smartphones executing the MirrorShare or AirSharing application; (2) MediaPad M3 Lite, Huawei MediaPad M2, Huawei MediaPad T1, Huawei MediaPad T3 tablets executing the MirrorShare or AirSharing application; (3) MateBook X, Huawei MateBook D, Huawei MateBook E laptops executing the MirrorShare application; and (4) Huawei Watches (e.g., Huawei Fit, Huawei Watch 2, etc.) executing the MirrorShare application (together "Accused Infringing Devices").

12. The Accused Infringing Devices establish a connection with a remote device, such as a smart TV within the range of their transceiver signal, display a manifestation of the remote device, and enable an input action at the Accused Infringing Device to wirelessly transmit a command to the remote device.

13. Huawei has directly infringed, and continues to directly infringe, one or more claims of the '018 Patent in the United States during the pendency of the '018 Patent, including claims 1-27 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling and/or importing the Accused Infringing Devices.

14. Should use of the Accused Infringing Devices be found to not literally infringe the asserted claims of the '018 Patent, use of the Accused Infringing Devices would nevertheless infringe the asserted claims of the '018 Patent. More specifically, the Accused Infringing Devices perform substantially the same function (a first device remotely controlling a second device over

a wireless connection), in substantially the same way (using wireless commands to cause the second device to perform a selected function), to yield substantially the same result (performance of a function by the second device that cannot be performed on the first device). Huawei would thus be liable for direct infringement under the doctrine of equivalents.

15. Huawei has indirectly infringed, and continues to indirectly infringe, claims 1-27 of the '018 Patent in the United States by, among other things, actively inducing the using, offering for sale, selling and/or importing the Accused Infringing Devices having the functionality described in this Count. Huawei's customers who use such devices in accordance with Huawei's instructions directly infringe claims 1-27 of the '018 Patent in violation of 35 U.S.C. § 271. Huawei directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- www.huawei.com, including:

    www.huawei.com/en/

    www.consumer.huawei.com/en/phones/

    www.consumer.huawei.com/en/tablets/

    www.consumer.huawei.com/en/wearables/

- http://download-cl.huawei.com

- www.youtube.com, including:

    www.youtube.com/user/huawei

    www.youtube.com/watch?v=xco6AjkTlJ4

    www.youtube.com/watch?v=n1YyiXz8hgc

    www.youtube.com/watch?v=9PaGjWazLYA

Huawei is thereby liable for infringement of the '018 Patent under 35 U.S.C. § 271(b).

16. Huawei has indirectly infringed, and continues to indirectly infringe, claims 1-27 of the '018 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Infringing Devices, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '018 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

17. Huawei will have been on notice of the '018 Patent since, at the latest, the service of this complaint upon Huawei. By the time of trial, Huawei will have known and intended (since receiving such notice) that its continued actions would actively induce the infringement of claims 1-27 of the '018 Patent.

18. Huawei may have infringed the '018 Patent through other devices and software utilizing the same or reasonably similar functionality as the Accused Infringing Devices, including other versions of such devices. Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

19. Uniloc has been damaged by Huawei's infringement of the '018 Patent.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Huawei as follows:

(A) declaring that Huawei has infringed the '018 Patent;

(B) awarding Uniloc its damages suffered as a result of Huawei's infringement of the '018 Patent;

(C)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(D)     granting Uniloc such further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Date: October 20, 2017                                         Respectfully submitted,

*/s/ Edward R. Nelson III*
Paul J. Hayes (Lead Attorney)
Massachusetts State Bar No. 227000
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
Dean Bostock
Massachusetts State Bar No. 549747
Robert R. Gilman
Massachusetts State Bar No. 645224
Michael Ercolini
New York State Bar No. 5029905
Aaron S. Jacobs
Massachusetts State Bar No. 677545
Daniel McGonagle
Massachusetts State Bar No. 690084
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com
Email: dbostock@princelobel.com
Email: rgilman@princelobel.com
Email: mercolini@princelobel.com
Email: ajacobs@princelobel.com
Email: dmcgonagle@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142

        Anthony M. Vecchione
        anthony@nelbum.com
        Texas State Bar No. 24061270
        **NELSON BUMGARDNER PC**
        3131 West 7th Street, Suite 300
        Fort Worth, TX 76107
        Tel: (817) 377-9111
        Fax: (817) 377-3485

        **ATTORNEYS FOR THE PLAINTIFFS**